IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: CHOCOLATE CONFECTIONARY ANTITRUST LITIGATION | : MDL DOCKET NO. 1935<br>: (Civil Action No. 1:08-MDL-1935)<br>: |
| _____ | : (Judge Conner) |
| | : |
| THIS DOCUMENT APPLIES TO: | : |
| | : |
| ALL CASES | : |

### CASE MANAGEMENT ORDER NO. 3
### RE:  INITIAL CASE MANAGEMENT CONFERENCE

AND NOW, this 23rd day of April, 2008, upon consideration of the order of court entitled Case Management Order No. 1 (Doc. 19), which created procedures for the administration of the above-captioned matter, and the court finding it necessary to schedule an initial case management conference for the continued management thereof, it is hereby ORDERED that:

1. An initial case management conference is scheduled for **9:00 a.m. on Thursday, May 29, 2008** in Courtroom No. 2, Ninth Floor, Federal Building, 228 Walnut Street, Harrisburg, Pennsylvania.  The conference will be held for the purposes specified in Rules 16 and 26 of the Federal Rules of Civil Procedure and shall be subject to the sanctions prescribed by Rule 16(f).  The subjects for consideration at the conference include those matters set forth in Rule 16(b) and (c).  <u>Lead counsel for each of the parties must either attend the conference or submit a written statement granting decision-making authority to counsel for another party.</u>

2. **FILING OF PROPOSED CASE MANAGEMENT PLAN.**  Lead counsel for each of the parties shall confer prior to the initial pretrial conference to develop a proposed case management plan and to create an agenda for the conference.  Counsel shall file the proposed case management plan and agenda **on or before May 22, 2008**.  Counsel

    should discuss and include in the case management plan and agenda at least the following matters:

    a.    A mechanism for appointment of lead and liaison counsel.

    b.    The feasibility of consolidating all cases into a single action or into several actions composed of similar cases. Counsel shall also discuss the feasibility of consolidated treatment of issues applicable to all actions or groups of actions as well as the propriety of dismissing duplicative actions or realigning the parties.

    c.    Plans for prompt determination of class action affairs, including a schedule for discovery and briefing of class issues.

    d.    The scope of discovery and procedures for resolving discovery disputes, including appointment of a special master for the adjudication thereof.

    e.    Whether the parties will exchange discovery documents in digital form and, if so, the format to be used. Parties shall address issues that may arise from the alteration of data that routinely occurs when paper documents are converted into digital form and when digital documents are converted from one form to another. They should also discuss procedures to handle the preservation and production of digital evidence, including the use of document depositories and computerized storage.

    f.    Procedures or protective orders for the handling of claims of confidentiality and privilege.

    g.    Appropriate deadlines for conducting expert and non-expert discovery, producing expert reports, and filing dispositive motions.

    h.    Proposed mediation procedures.

3.    **PRE-CONFERENCE BRIEFING.** Plaintiffs and defendants shall each submit a collective brief of no more than <u>twenty-five</u> pages in length **on or before May 22, 2008**. The brief shall address, to the extent practicable, the following:

    a.    The factual and legal background of these cases.

    b.    The procedural posture of the transferred cases and of potential tag-along cases.

    c.    Those issues that the parties currently view as critical.

    d.    The identity of any other related actions pending in state or federal courts.

    e.    Any other relevant information the parties believe will be helpful to the court in establishing a case management plan for this litigation.

These briefs shall not be binding, shall not waive any claim or defense available to a party, and shall not be offered in evidence against a party in later proceedings. These briefs shall be filed separately from and in addition to the proposed case management plan and agenda required by Paragraph 2 hereof.

4. **NOMINATION OF INTERIM LIAISON COUNSEL (TO THE EXTENT APPLICABLE).** Prior to the initial case management conference, counsel for each group of parties whose interests are similarly aligned shall designate interim liaison counsel. Interim liaison counsel shall be authorized to receive orders and notices from the court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of orders and notices to the parties therein. Interim liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation on behalf of all parties within their liaison group and shall be responsible for transmitting copies thereof to members of the group.

5. **SUBMISSION OF REVISED SERVICE LIST.** At the initial case management conference, the parties shall present a revised Attorney Master Service List for the purpose of serving all documents in this litigation. <u>Only one attorney for each party separately represented shall appear on the list.</u>

      S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge